**MAYER BROWN LLP**
RUTH ZADIKANY (SBN 260288)
*rzadikany@mayerbrown.com*
C. MITCHELL HENDY (SBN 282036)
*mhendy@mayerbrown.com*
333 South Grand Avenue, 47th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

**MAYER BROWN LLP**
CHARLES E. HARRIS, II (*pro hac vice forthcoming*)
*charris@mayerbrown.com*
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600

Attorneys for Defendants
DAVEY TREE SURGERY COMPANY and
THE DAVEY TREE EXPERT COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DANTE BRUMSEY, on behalf of the State of California, as a private attorney general,

Plaintiff,

vs.

DAVEY TREE SURGERY COMPANY, a Corporation; THE DAVEY TREE EXPERT COMPANY, a Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:26-cv-7262

State Court Case No. 26CV01377

**NOTICE OF REMOVAL BY DEFENDANTS DAVEY TREE SURGERY COMPANY AND THE DAVEY TREE EXPERT COMPANY**

Removed from the Superior Court for the County of Santa Cruz

Trial Date: None
Action Filed: April 23, 2026

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF DANTE BRUMSEY, AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Davey Tree Surgery Company ("Davey Surgery") and The Davey Tree Expert Company ("Davey Expert") (jointly, the "Defendants"), through their undersigned counsel, hereby remove the above-captioned action from the Superior Court of California for the County of Santa Cruz to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. This court has original jurisdiction under 28 U.S.C. § 1331, which grants federal district courts jurisdiction over civil actions arising under the laws of the United States.

**BACKGROUND**

1. Plaintiff Dante Brumsey ("Plaintiff") was employed by Davey Surgery from August 18, 2014 to July 8, 2025. Declaration of Anna C. Davis In Support of Defendants' Notice of Removal ("Davis Decl."), ¶ 3.

2. On January 9, 2026, Plaintiff filed a complaint in the Superior Court of California for the County of Santa Cruz, entitled *Dante Brumsey, an individual, on behalf of himself, and on behalf of all persons similarly situated v. Davey Tree Surgery Company, a Corporation; The Davey Tree Expert Company, a Corporation; and Does 1 through 50, inclusive*, Case No. 26CV00093 (the "Putative Class Action").

3. Plaintiff's initial complaint in the Putative Class Action asserted nine causes of action against Defendants for: (1) unfair competition in violation of California Business and Professions Code § 17200; (2) failure to pay minimum wages; (3) failure to pay overtime wages; (4) failure to provide required meal periods; (5) failure to provide required rest periods; (6) failure to provide accurate itemized wage statements; (7) failure to reimburse required business expenses; (8) failure to provide wages when due upon termination of employment; and (9) failure to pay sick pay wages.

4. On February 19, 2026, Defendants removed the Putative Class Action to this Court, pursuant to 28 U.S.C. § 1331 and § 1332(d). That action is now pending before the Honorable Eumi

K. Lee, Case No. 5:26-cv-01443-EKL.

5. Notwithstanding the pendency of the Putative Class Action in this Court, rather than amending his complaint in the Putative Class Action to add a cause of action under PAGA, on April 23, 2026, Plaintiff filed a second, putative representative action complaint in the Superior Court of California for the County of Santa Cruz, entitled *Dante Brumsey, on behalf of the State of California, as a private attorney general v. Davey Tree Surgery Company, a Corporation; The Davey Tree Expert Company, a Corporation; and DOES 1 through 50, inclusive,* Case No. 26CV01377 (the "Instant Action" or "PAGA Action").

6. The Instant Action asserts a single cause of action against Defendants for penalties under California Labor Code § 2699 *et seq.* (the Private Attorney General Act or PAGA), alleging violations of California Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226.7, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, and 2802, and California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), and applicable Wage Order(s). Plaintiff purports to bring the PAGA Action "on behalf of the State of California for all aggrieved employees," which he alleges includes "all individuals who are or previously were employed by [Defendants] in California . . . and classified as non-exempt employees . . . during the time period of January 27, 2025 until a date as determined by the Court." Compl. ¶¶ 4, 11.

7. During all relevant periods, Plaintiff and other putative aggrieved employees were members of and represented by a labor organization, Local Union 1245 of the International Brotherhood of Electrical Workers, AFL-CIO (the "Union"), and their employment was governed by a collective bargaining agreement between Davey Surgery and the Union. Davis Decl. ¶ 4. More specifically, Davey Surgery and the Union entered into a CBA that applies to work performed by covered employees (as defined in Section 1:1), including Plaintiff, from June 1, 2022 through September 30, 2027 (the "2022 CBA"). *Id.* A true and correct copy of the 2022 CBA is attached as Exhibit 1 to the Davis Declaration. The 2022 CBA addresses covered employees' wages, hours, and working conditions, and contains provisions specifically addressing work hours, meal and rest breaks, sick leave, business expenses, overtime scheduling and pay. *See Id.*, Ex. 1 (2022 CBA), §§ 3:1, 3:3, 3:8, 5:1, 8:4, 14:2, 22:2, 22:3.

8. During all relevant periods, from January 27, 2025, until his termination in July 2025, Plaintiff held the job title of Climber 4, which corresponds to the classification of Journeyman Tree Trimmer under the 2022 CBA. *Id.* ¶ 7.

9. On June 15, 2026, Defendants were served by personal service with a copy of the Complaint in the Instant Action, along with Summons, Civil Case Cover Sheet, Case Management Information and Setting, and Alternative Dispute Resolution Information Packet. A true and correct copy of the packet received by Defendants is attached hereto as **Exhibit A**.

10. Defendants have not filed or received any other pleadings or papers, other than the pleadings described in Exhibit A, in this action prior to this Notice of Removal. Indeed, although Plaintiff is represented by the same counsel in the Putative Class Action and the Instant Action, Plaintiff's counsel did not disclose to Defendants or Defendants' counsel that Plaintiff would bring a second complaint as a stand-alone action alleging a PAGA claim premised on the identical facts and allegations at issue in the Putative Class Action. Defendants only learned of the Instant Action as a result of service by a process server on June 15, 2026.

11. As set forth below, this Court has original jurisdiction over the Instant Action under 28 U.S.C. § 1331, and this action may therefore be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446. Specifically, this Court has jurisdiction over this action under 28 U.S.C. § 1331 because a federal question exists under § 301 of the Labor Management Relations Act ("LMRA"); 29 U.S.C. § 185(a) (hereafter, "Section 301"). To the extent any claim or portion of a claim in the Complaint is not preempted under Section 301, the entire action is removable under 28 U.S.C. § 1441(c), as this Court has supplemental jurisdiction under 28 U.S.C. § 1367, because all claims in the Complaint arise out of or are sufficiently related to form part of the same case or controversy.

12. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly serve this notice of removal on Plaintiff's counsel and file a copy with the clerk of the Superior Court for Santa Cruz County.

**<u>REMOVAL IS TIMELY</u>**

13. "The notice of removal of a civil action or proceeding shall be filed within 30 days

after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

14. This Notice of Removal is timely because it is filed within 30 days of service of the Complaint and Summons on Defendants, on June 15, 2026. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"). Thirty (30) days from the service of the Complaint and Summons on Defendants on June 15, 2026, is July 15, 2026.

**VENUE IS PROPER**

15. Under 28 U.S.C. §§ 84 and 1441(a), venue is proper in the United States District Court for the Northern District of California because this Court embraces the Superior Court for Santa Cruz County, where this action was initially filed.

**THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1331**

16. Federal courts have original jurisdiction over cases founded on a claim or right "arising under the Constitution, laws, or treaties of the United States," regardless of citizenship or diversity. 28 U.S.C. §§ 1331, 1441(c). When federal question cases are brought in state court, a defendant may remove them to the federal district court embracing the place where the state court action is pending. 28 U.S.C. § 1441(a).

17. A cause of action exists under federal law for purposes of original jurisdiction and removal if the plaintiff's "well-pleaded complaint" presents a federal issue. *See, e.g., Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9-10 (1983). Although the "well-pleaded complaint rule" generally allows a plaintiff to avoid federal jurisdiction by relying exclusively on state law, there is a well-recognized corollary to that rule: the complete preemption doctrine. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 386-87 (1987). "Under the complete preemption doctrine, the preemptive force of a federal statute converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint." *Ayala v. Destination Shuttle Servs. LLC*, 2013 WL 12092284, at *2 (C.D. Cal., Nov. 1, 2013).

18. Section 301 of the LMRA, 29 U.S.C. § 185, is a federal statute that can have

complete preemptive force. Section 301 grants federal district courts original jurisdiction over claims for violation of contracts between an employer and a union, regardless of the citizenship of the parties. 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees … may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.").

19. In the specific context of preemption under § 301 of the LMRA, the Ninth Circuit has recognized that preemption "has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)); *Shanley v. Tracy Logistics LLC*, 756 F. Supp. 3d 820, 828 (E.D. Cal., Oct. 31, 2024) ("Preemption by the LMRA may arise in cases where a plaintiff files a complaint asserting state law claims, but his employment was governed by a collective bargaining agreement.").

20. Accordingly, even where, as here, a plaintiff alleges only state law claims, a federal question exists—and removal is proper—where the plaintiff's state law claims are based on the terms of a CBA or where resolution of those claims depends on analysis of the terms of a CBA. *See, e.g., Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997, 999 (9th Cir. 1987) ("The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement and any state claim whose outcome depends on analysis of the terms of the agreement." (internal citation omitted)). In such cases, "complete preemption" overrides the "well-pleaded complaint rule" and the state law claims are treated as claims "arising under" federal law for jurisdictional purposes. *See Holman v. Laulo–Rowe Agency*, 994 F. 2d 666, 668 (9th Cir. 1993). Put another way, a civil complaint that raises claims preempted by Section 301 raises a federal question that can be removed to a federal court. *See Metro. Life Ins.*, 481 U.Sat 65; *see also Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 558-62 (1968) (recognizing that Section 301 is a federal statute with complete preemptive force); *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (a suit that involves an employer's alleged failure to comport with its

contractually established duties pursuant to a CBA is preempted).

21. As articulated in *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059-60 (9th Cir. 2007), and as refined in *Curtis*, 913 F.3d at 1152, the Ninth Circuit applies a two-step test to determine whether a claim is preempted under Section 301.

***Curtis* Step One.** Under the Section 301 preemption analysis, courts must first inquire whether the relief requested by a plaintiff "involves a right [that] exists solely as a result of the CBA." *Curtis*, 913 F.3d at 1152 (quotation marks and citation omitted). Under *Curtis*, where an asserted Labor Code or Wage Order claim is covered by an available collective bargaining exemption—such that there exists no valid underlying state law claim—the inquiry is resolved at this first step in favor of preemption.

***Curtis* Step Two.** If there is no Section 301 preemption found at the first step, courts proceed to the second step of the analysis, which asks "whether a plaintiff's state law right is substantially dependent on analysis of the CBA." *Curtis*, 913 F.3d at 1153 (quotation marks and citation omitted). Under this second step, where there is no applicable collective bargaining agreement exemption, preemption still applies if the resolution of a claim requires interpretation of the collective bargaining agreement.

22. It is immaterial to the preemption analysis whether Plaintiff's Complaint mentions the CBA. *See Curtis*, 913 F.3d at 1152; *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 750 (S.D. Cal. 2021).

23. Section 301 preempts PAGA claims brought on behalf of union employees. *Rodriguez v. USF Reddaway Inc.*, 2022 WL 18012518, at *4 (E.D. Cal. Dec. 30, 2022); *Braswell v. AHMC San Gabriel Valley Med. Ctr, LP*, 2022 WL 707206, at *4 (C.D. Cal. Mar. 8, 2022); *Jimenez v. Young's Mkt. Co.*, 2021 WL 5999082, at *9-10 (N.D. Cal. Dec. 20, 2021). This is true even in cases where, unlike here, the named representative is not subject to a CBA but other putative aggrieved employees are. *See, e.g., Braswell*, 2022 WL 707206, at *3-4. Moreover, courts in this District have held that federal courts have subject matter jurisdiction over LMRA-preempted PAGA claims even if the Court were to determine that the representative plaintiff's individual claims would not be preempted. *See Shwiyhat v. Martin Marietta Materials, Inc.*, 2023 WL

6626129, at *3-4 (N.D. Cal. Oct. 10, 2023).

24. Defendants may remove this action pursuant to 28 U.S.C. § 1441(a) because this action, at least in part, arises under the LMRA and federal law. Plaintiff's PAGA cause of action alleges that Defendants violated numerous provisions of the California Labor Code as to him and the aggrieved employees he purports to represent by failing to, *inter alia*, pay minimum wages for all time worked (Compl. ¶¶ 15, 17), provide rest periods compliant with California law and Wage Orders (*id.* ¶ 16); provide itemized wage statements (*id.* ¶ 18); timely pay wages (*id.* ¶¶ 19-21); and provide reimbursement for employees' use of personal cellular phones (*id.* ¶¶ 22-23). Plaintiff's non-derivative claims, namely his rest period, minimum wage, and business expense reimbursement claims, are preempted under Section 301 because such claims are necessarily contractual claims under the CBA applicable to Plaintiff's employment. California state law is preempted with respect to such claims because of express exemptions in the Labor Code or applicable Wage Order. Plaintiff's derivative claims (for wage statement penalties under Labor Code Section 226 and penalties associated with failure to timely pay wages under Labor Code Sections 201-203, 204, and 210) are preempted under Section 301 because such claims rise or fall based on the underlying substantive (and preempted) rest period and minimum wage claims. In the alternative, the Court has supplemental jurisdiction over these claims, which form part of the same case or controversy as Plaintiff's preempted claims.

**A. <u>Plaintiff's Rest Period Claim Is Preempted.</u>**

25. Plaintiff bases his PAGA claim in part on Defendants' alleged failure to provide rest periods under California law, specifically under Labor Code Sections 226.7 and the applicable IWC Wage Order. Compl. ¶¶ 16, 31. However, Plaintiff's rest period claim is preempted by Section 301 because an applicable CBA exemption applies.

26. Although California law generally requires that employers authorize and permit their employees to take rest periods, those requirements do not apply to an "employee who is exempt from meal or rest or recovery period requirements pursuant to . . . a . . . regulation, standard, or order of the Industrial Welfare Commission." Lab. Code § 226.7(e). Here, the applicable Industrial Welfare Commission (IWC) Order, Wage Order 16, includes an applicable collective

bargaining agreement exemption, which thereby preempts Plaintiff's rest period claims. *See, e.g.*, *Padilla v. Ames Constr., Inc.*, 2025 WL 1738656, at *6 (C.D. Cal. June 20, 2025).

27. Wage Order 16 governs the working conditions for certain on-site construction employees who perform "work involving alteration, demolition, building, excavating, renovation, remodeling, maintenance, improvement, and repair work, and work for which a contractor's license is required by the California Business and Professions Code Division 3, Chapter 9, §§ 7025 *et seq*." *See* Cal. Code Regs. tit. 8, § 11160. That provision of the Business and Professions Code includes construction contractors, who are defined to include, as relevant here, "any person . . . who performs tree removal, tree pruning, stump removal, or engages in tree or limb cabling or guying." Cal. Bus. & Prof. Code § 7026.1(a)(4). Davey Surgery provides comprehensive, professional tree care and landscaping services, including tree removal, tree pruning, stump removal and tree or limb guying. Davis Decl., ¶ 6. Davey Surgery also holds (and has held, during all times relevant to this action) a California Contractor's license for, *inter alia*, landscaping, tree service, pole installation and maintenance, and construction zone traffic control. *Id.* & Ex. 2. Plaintiff's role as Journeyman Tree Trimmer (*id.* ¶ 7) entailed extensive tree pruning and trimming work. *See id.*, Ex. 1 (2022 CBA) §§ 1:1, 1:3, 8:3(c); *see also Lopez v. W. Coast Arborists, Inc.*, 2024 WL 382368, at *1, *3 (E.D. Cal. Feb. 1, 2024) (holding that a "landscape maintenance" laborer employed by a "tree and landscape maintenance company" was engaged in a "construction occupation").

28. Section 11.D of Wage Order 16 includes an applicable rest period CBA exemption pursuant to which employees are exempt from the Wage Order's rest period requirements if they are covered by a "valid collective bargaining agreement if the collective bargaining agreement provides equivalent protection" and that "agreement provides final and binding mechanism for resolving disputes regarding enforcement of the rest period provisions." Cal. Code Regs. tit. 8, § 11160 (11)(D)–(E).

29. Here, the 2022 CBA—which has been in effect throughout the period covered by the Instant Action—does not just provide "equivalent protection" to Wage Order 16; it is more generous: it provides employees two *fifteen*-minute rest breaks "per (8) hour day and every (4) hours thereafter." Davis Decl., Ex. 1 (2022 CBA) § 3:1. And to the extent there is a dispute over

those rights, the CBA, at Section 15:6, expressly provides a final and binding arbitration mechanism, under which the Arbitrator shall hear evidence and render his final and binding decision in writing. For those reasons, Plaintiff's "rest period claim[] . . . arise[s] solely as a result of the CBAs and [is] completely preempted by the LMRA." *Thieroff v. Marine Spill Response Corp.*, 2022 WL 2965393, at *6 (C.D. Cal. June 6, 2022); *accord Zayerz v. Kiewit Infrastructure W.*, 2018 WL 582318, at *4 (C.D. Cal. Jan. 18, 2018).

**B. <u>Plaintiff's Unpaid Minimum Wages Claim Is Preempted Under *Curtis* Step One.</u>**

30. Plaintiff's allegation that Defendants failed to pay minimum wages under Labor Code Sections 1194, 1197, and 1197.1 is premised on the allegation that Defendants required Plaintiff and putative aggrieved employees to work without paying them for all the time they are under Defendants' control. Compl. ¶ 15. The pleaded facts in support of Plaintiff's minimum wage claim are substantially the same as those underlying his previously asserted overtime claim in the Putative Class Action—both are premised on alleged unpaid time worked. Because Plaintiff's overtime claim is preempted (as he acknowledged by voluntarily dismissing that claim from the Putative Class Action), so, too, is his factually related minimum wage claim. *See Chavez v. Smurfit Kappa N. Am. LLC*, 2018 WL 8642837, at *4 (C.D. Cal. Oct. 17, 2018); *Thieroff*, 2022 WL 2965393, at *4.

31. In addition, Plaintiff's minimum wage theory is preempted under *Curtis* Step Two because the CBA contains provisions regarding reporting time, assembly points, and pay for time worked. Section 3:2 of the CBA provides that employees shall report to work at pre-determined assembly points and shall return thereto at the conclusion of the day's work, and the time spent in traveling between such assembly points and the job site "shall be considered as time worked." Davis Decl., Ex. 1 (2022 CBA), § 3:2. Courts have consistently held that minimum wage claims are preempted when the CBA contains such provisions regarding pay for time worked. *See Rodriguez v. Gonsalves & Santucci, Inc.*, 2022 WL 161892, at *5 (N.D. Cal. Jan. 18, 2022); *Giles v. Canus Corp.*, 2022 WL 3370793, at *6 (N.D Cal. Aug. 16, 2022).

**C. <u>Plaintiff's Expense Reimbursement Claim Is Preempted Under *Curtis* Step Two.</u>**

32. Plaintiff's allegation that Defendants violated Labor Code section 2802 by failing

to reimburse him for use of his personal cell phone, which he contends was a necessary business expense (Compl. ¶¶ 22-23), is preempted under *Curtis* Step Two because its resolution substantially depends on an analysis of the CBA and an interpretation of its terms.

33. In particular, in Article V covering "Expenses," the CBA expressly provides for payment of "subsistence" and "per diems," in addition to reimbursement for lodging and use of employees' personal automobiles. *See* Davis Decl., Ex. 1 (2022 CBA) §§ 5:5-5:6; *see also id.* § 14:2 ("The Company shall furnish all necessary tools and equipment.").

34. Accordingly, to determine Plaintiff's reimbursement claim, the Court would need to analyze and interpret the industry-specific terms and phrases in the CBA, including "subsistence" and "per diem" to determine whether use of a personal cellular telephone was intended to be covered by these subsistence payments.

35. Thus, LMRA Section 301 preempts Plaintiff's expense reimbursement claim. *See Gay v. Pac. Steel Grp.*, 2023 WL 6048784, at * 6 (N.D. Cal. Sept. 15, 2023) ("[T]he Court agrees with Defendant that it would need to interpret, not merely look to or reference, the CBA to decide Plaintiffs' unreimbursed business expenses claim[,]" referencing, *inter alia*, Defendant's argument that interpretation of the phrase "subsistence" in the CBA would be required).

### D. <u>Plaintiff's Derivative Claims For Wage Statement Penalties, Penalties Under Sections 204 and 210, and Waiting Time Penalties Are Preempted Under *Curtis* Step One.</u>

36. Plaintiff's remaining alleged PAGA predicate violations—*i.e.*, failure to provide accurate itemized wage statements (§ 226), and failures to timely pay wages (§§ 201-203, 204, 210)—are, in whole or in part, derivative of Plaintiff's claims that are preempted under Section 301 for the reasons described above.

37. Those derivative predicates are thus themselves preempted under Section 301 for this reason. *Giles*, 2022 WL 3370793, at *6-7; *Rodriguez,*, 2022 WL 161892, at *6; *Mellon v. Universal City Studios, LLC,*, 625 F. Supp. 3d 1007, 1016, (C.D. Cal. 2022); *Jimenez*, 2021 WL 5999082, at *13; *Vasquez v. Packaging Corp. of Am.*, 2019 WL 4543106, at *4 (C.D. Cal. Jun. 7, 2019).

38. Notably, Plaintiff's claims regarding the timely payment of wages would be preempted under Section 301 in any event, under Step Two of the *Curtis* analysis, because such claims require the interpretation and application of detailed provisions regarding the timely payment of wages to employees in Section 8:4 of the CBA. *See Curtis*, 913 F.3d at 1153.

**E. <u>The Court Has Supplemental Jurisdiction Over Any Of Plaintiff's Claims That The Court Finds Are Not Preempted.</u>**

39. If this Court finds that any claims in the Complaint are not preempted by Section 301, the entire action is still removable under 28 U.S.C. § 1441(c) because this Court has supplemental jurisdiction under 28 U.S.C. § 1367. All claims in the Complaint are sufficiently related to form part of the same case or controversy. *See Shanley*, 756 F. Supp. 3d at 836 (denying motion to remand PAGA-only case where some but not all alleged predicate violations were subject to LMRA preemption).

## <u>CONCLUSION</u>

40. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1331, as the Complaint presents federal questions under Section 301 of the LMRA, and this Court has supplemental jurisdiction over any remaining, non-preempted claims (or portions of claims) under 28 U.S.C. § 1367.

41. If any questions arise about the propriety of this removal, Defendants request an opportunity to submit briefing, additional evidence and to present oral argument in support of removal before an order resolves the question. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014) *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020).

42. Nothing about this Notice of Removal waives (or should be construed to waive) any right, argument or objection available to Defendants. Defendants reserve all defenses.

43. Defendants also respectfully reserve the right to amend or supplement this notice.

Dated: July 15, 2026

MAYER BROWN LLP

By: */s/ Ruth Zadikany*
Ruth Zadikany
C. Mitchell Hendy

Attorneys for Defendants
DAVEY TREE SURGERY COMPANY and
THE DAVEY TREE EXPERT COMPANY