# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/15/2026
CT Log Number 552505067

## Service of Process Transmittal Summary

**TO:** Heather Micozzi, Paralegal And Administrative Assistant
The Davey Tree Expert Company
1500 N Mantua St
Kent, OH 44240-2399

**RE:** **Process Served in California**

**FOR:** The Davey Tree Expert Company (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DANTE BRUMSEY, on behalf of the State of California, as a private attorney general // To: The Davey Tree Expert Company |
| **DOCUMENT(S) SERVED:** | Cover Sheet, Attachment(s), Complaint, Exhibit(s), Summons |
| **COURT/AGENCY:** | Santa Cruz County - Superior Court, CA<br>Case # 26CV01377 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/15/2026 at 12:53 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Norman B. Blumenthal<br>Lawyers for Employee and Consumer Rights APC<br>3500 West Olive Avenue, Third Floor<br>Burbank, CA 91505 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/16/2026, Expected Purge Date: 06/21/2026<br><br>Image SOP<br><br>Email Notification, Heather Micozzi heather.micozzi@davey.com<br><br>Email Notification, Stacey Greenwell stacey.greenwell@davey.com<br><br>Email Notification, Sundee Digiammarino sundee.digiammarino@davey.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Jun 15, 2026
**Server Name:** Jimmy Lizama

| | |
|---|---|
| Entity Served | THE DAVEY TREE EXPERT COMPANY |
| Case Number | 26CV01377 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 68687
NAME: Norman B. Blumenthal
FIRM NAME: BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
STREET ADDRESS: 2255 Calle Clara
CITY: La Jolla STATE: CA ZIP CODE: 92037
TELEPHONE NO.: (858) 551-1223 FAX NO.: (858) 551-1232
EMAIL ADDRESS: norm@bamlawca.com
ATTORNEY FOR (*name*): Dante Brumsey

*FOR COURT USE ONLY*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
4/23/2026 2:19 PM
Clerk of the Court by Deputy,
Alejandro Fregoso

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**
STREET ADDRESS: 701 Ocean St.
MAILING ADDRESS: 701 Ocean St.
CITY AND ZIP CODE: Santa Cruz 95060
BRANCH NAME: Central

CASE NAME:
DANTE BRUMSEY v. DAVEY TREE SURGERY COMPANY, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: 26CV01377 |
|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $35,000)   [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? [ ] Yes [X] No

If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. [X] monetary
b. [ ] nonmonetary; declaratory or injunctive relief
c. [ ] punitive

4. Number of causes of action *(specify):* ONE (1)

5. Is this case a class action suit? [ ] Yes [X] No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 23, 2026

Norman B. Blumenthal
(TYPE OR PRINT NAME)

/s/ Norman Blumenthal
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear button after you have printed the form.** Print Save Clear

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
Christine LeVu (State Bar #288271)
christine@bamlawca.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

*Attorneys for Plaintiff*
[Additional Counsel Listed on Signature Page]

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
4/23/2026 2:19 PM
Clerk of the Court by Deputy,
Alejandro Fregoso

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CRUZ**

DANTE BRUMSEY, on behalf of the State of California, as a private attorney general,

Plaintiff,

vs.

DAVEY TREE SURGERY COMPANY, a Corporation; THE DAVEY TREE EXPERT COMPANY, a Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 26CV01377

**REPRESENTATIVE ACTION COMPLAINT FOR:**

1. Civil Penalties Pursuant to Labor Code § 2699 for violations of Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226.7, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802 California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), and the applicable Wage Order(s).

Plaintiff Dante Brumsey ("PLAINTIFF"), on behalf of the people of the State of California and as an "aggrieved employee" acting as a private attorney general under the Labor Code Private Attorney General Act of 2004, § 2699, ("PAGA") only, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## INTRODUCTION

1. PLAINTIFF brings this action against defendants Davey Tree Surgery Company and The Davey Tree Expert Company (referred to as "DEFENDANT") seeking only to recover PAGA civil penalties on behalf of all current and former aggrieved employees that worked for DEFENDANT. PLAINTIFF does **not seek to recover anything other than penalties as permitted by California Labor Code § 2699**. To the extent that statutory violations are mentioned for wage violations, PLAINTIFF does not seek underlying general and/or special damages for those violations, but simply the civil penalties permitted by California Labor Code § 2699.

2. California has enacted the PAGA which permits PLAINTIFF to bring an action for PAGA penalties *only*, which is the precise and sole nature of this action.

3. Accordingly, PLAINTIFF seeks to obtain all applicable relief for DEFENDANT's violations under PAGA and solely for the relief as permitted by PAGA – that is, penalties and any other relief the Court deems proper pursuant to the PAGA. Nothing in this complaint should be construed as attempting to obtain any relief that would not be available in a PAGA-only action.

4. PLAINTIFF is not suing in his individual capacity; he is proceeding herein solely under the PAGA, on behalf of the State of California for all aggrieved employees. Nothing in this complaint should be construed as PLAINTIFF suing in his individual capacity.

## THE PARTIES

5. Davey Tree Surgery Company is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

6. The Davey Tree Expert Company is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

7. The entities named in paragraphs 5-6 above (and any DOE entities later named) were the joint employers of PLAINTIFF.

8. Joint employer is evidenced by paycheck, standardized company employment handbooks, by standardized policies and procedures, by the company PLAINTIFF performed work for respectively and are therefore jointly responsible as employers for the conduct alleged herein, and the entities named in paragraphs 5-6 above are therefore collectively referred to herein as ("DEFENDANT").

9. DEFENDANT provides tree maintenance and removal services in California.

10. PLAINTIFF was employed by DEFENDANT in California from August of 2014 to July 8, 2025. PLAINTIFF was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required rest periods and payment of minimum wages due for all time worked.

11. PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, brings this Representative Action on behalf of the State of California with respect to all individuals who are or previously were employed by Davey Tree Surgery Company and/or The Davey Tree Expert Company in California, including any employees staffed with Davey Tree Surgery Company and/or The Davey Tree Expert Company by a third party, and classified as non-exempt employees ("AGGRIEVED EMPLOYEES") during the time period of January 27, 2025 until a date as determined by the Court (the "PAGA PERIOD").

12. PLAINTIFF, on behalf of all AGGRIEVED EMPLOYEES presently or formerly employed by DEFENDANT during the PAGA PERIOD, brings this representative action pursuant to Labor Code § 2699 seeking fixed civil penalties for DEFENDANT's violation of California Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226.7, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802 California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), and the applicable Wage Order(s). Based upon the foregoing,

PLAINTIFF and all AGGRIEVED EMPLOYEES are aggrieved employees within the meaning of Labor Code § 2699.

13. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

14. The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and all the AGGRIEVED EMPLOYEES, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

15. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and the AGGRIEVED EMPLOYEES for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF and the AGGRIEVED EMPLOYEES to work without paying them for all the time they are under DEFENDANT's control. Among other things, DEFENDANT requires PLAINTIFF to work while clocked out. PLAINTIFF was from time

to time interrupted by work assignments while clocked out. DEFENDANT, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and the AGGRIEVED EMPLOYEES, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and the AGGRIEVED EMPLOYEES are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time. As a result, PLAINTIFF and the AGGRIEVED EMPLOYEES forfeit minimum wage compensation by working without their time being correctly recorded. DEFENDANT's policy and practice not to pay PLAINTIFF and the AGGRIEVED EMPLOYEES for all time worked, is evidenced by DEFENDANT's business records.

16. During the PAGA PERIOD, PLAINTIFF and the AGGRIEVED EMPLOYEES were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and the AGGRIEVED EMPLOYEES were also not provided with one hour wages in lieu thereof. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and the AGGRIEVED EMPLOYEES from

unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and the AGGRIEVED EMPLOYEES cannot leave the work premises during their rest period.

17. During the PAGA PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and the AGGRIEVED EMPLOYEES for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and the AGGRIEVED EMPLOYEES for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control. As such, DEFENDANT knew or should have known that PLAINTIFF and the AGGRIEVED EMPLOYEES were under compensated for all time worked. As a result, PLAINTIFF and the AGGRIEVED EMPLOYEES forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage rates. Accordingly, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

18. From time to time, DEFENDANT also failed to provide PLAINTIFF and the AGGRIEVED EMPLOYEES with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and the AGGRIEVED EMPLOYEES were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFF and the AGGRIEVED EMPLOYEES failed to

identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the AGGRIEVED EMPLOYEES with wage statements which violated Cal. Lab. Code § 226.

19. Cal. Lab. Code § 204(d) provides, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period. Cal. Lab. Code § 210 provides:

> [I]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections. . . .204. . .shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

20. DEFENDANT from time to time failed to pay PLAINTIFF and the AGGRIEVED EMPLOYEES within seven (7) days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to the “Hourly” regular wage payments.

21. As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and the AGGRIEVED EMPLOYEES their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203.

22. DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the AGGRIEVED EMPLOYEES for required business expenses incurred by the PLAINTIFF and the AGGRIEVED EMPLOYEES in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course

and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

23. In the course of their employment PLAINTIFF and the AGGRIEVED EMPLOYEES as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and the AGGRIEVED EMPLOYEES were required by DEFENDANT to use their personal cellular phones. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and the AGGRIEVED EMPLOYEES incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

24. The employment of PLAINTIFF and some AGGRIEVED EMPLOYEES has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

## JURISDICTION AND VENUE

25. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10.

26. Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against PLAINTIFF and other AGGRIEVED EMPLOYEES.

## FIRST CAUSE OF ACTION

**For Violation of the Private Attorneys General Act**

**[Cal. Lab. Code §§ 2698]**

**(By PLAINTIFF and Against All Defendants)**

27. PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

28. PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies. An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties. The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code. In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

29. PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, brings this Representative Action on behalf of the State of California with respect to all individuals who are or previously were employed by Davey Tree Surgery Company and/or The Davey Tree Expert Company in California, including any employees staffed with Davey Tree Surgery Company and/or The Davey Tree Expert Company by a third party, and classified as non-exempt employees ("AGGRIEVED EMPLOYEES") during the time period of January 27, 2025 until a date as determined by the Court (the "PAGA PERIOD").

30. On January 27, 2026, PLAINTIFF gave written notice by electronic mail to the Labor and Workforce Development Agency (the "Agency") and by certified mail to the employer of the specific provisions of this code alleged to have been violated as required by

Labor Code § 2699.3. *See* **Exhibit #1**, attached hereto and incorporated by this reference herein. The statutory waiting period for PLAINTIFF to add these allegations to the Complaint has expired. As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

31. The policies, acts and practices heretofore described were and are an unlawful business act or practice because DEFENDANT (a) failed to provide PLAINTIFF and the AGGRIEVED EMPLOYEES accurate itemized wage statements, (b) failed to properly record and provide legally required rest periods, (c) failed to pay minimum wages, (d) failed to reimburse employees for required expenses, and (e) failed to provide wages when due, all in violation of the applicable Labor Code sections listed in Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226.7, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802 California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), and the applicable Wage Order(s), and thereby gives rise to civil penalties as a result of such conduct.[1] PLAINTIFF hereby seeks recovery of only civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on other AGGRIEVED EMPLOYEES.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the State of California and with respect to other AGGRIEVED EMPLOYEES:

A) Recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004; and,

B) An award of attorneys' fees and cost of suit, as allowable under the

---

[1]Plaintiff specifically excludes and/or does not allege any claims under California Labor Code §558(a)(3).

law, including, but not limited to, pursuant to Labor Code §2699.

Dated: April 23, 2026 BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: /s/ Norman Blumenthal

Norman B. Blumenthal
Kyle R. Nordrehaug
Nicholas J. De Blouw

**LAWYERS FOR EMPLOYEE AND CONSUMER RIGHTS APC**
Robert E. Byrnes (State Bar No. 200761)
3500 West Olive Avenue, Third Floor
Burbank, CA 91505

*Attorneys for Plaintiff*

# EXHIBIT 1

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:
**rico@bamlawca.com**

**WRITERS EXT:**
**1009**

January 27, 2026
CA3803

**VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT**

Labor and Workforce Development Agency
Online Filing

Davey Tree Surgery Company
Certified Mail #9589071052700057730377
CT Corporation System
330 N. Brand Ave., Suite 700
Glendale, CA 91203

Re: Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802 California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), Violation of the applicable Industrial Welfare Commission Wage Order(s) brought Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

This letter serves as a written notice under California Labor Code Section 2699.3 on behalf of Dante Brumsey ("Plaintiff") and all other Aggrieved Employees of Davey Tree Surgery Company and The Davey Tree Expert Company ("Defendant"). "Aggrieved Employees" refers to all individuals who are or previously were employed by Davey Tree Surgery Company and/or The Davey Tree Expert Company in California, including any employees staffed with Davey Tree Surgery Company and/or The Davey Tree Expert Company by a third party, and classified as non-exempt employees during the time period of January 27, 2025 until a date as determined by the Court ("PAGA Period"). Our offices represent Plaintiff and other Aggrieved Employees in a lawsuit against Defendant. Plaintiff was employed by Defendant in California from August of 2014 to July 8, 2025. Plaintiff was at all times classified by Defendant as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked. Defendant, however, unlawfully failed to record and pay Plaintiff and other Aggrieved Employees for, including but not limited to, all of their time worked, including minimum and overtime wages, for all of their missed and/or non-compliant meal and rest breaks, for all of their time spent working off the clock as described further below, and for business expenses incurred but not reimbursed.

Plaintiff was employed by Defendant as a tree climber and was based out Defendant's yards in Santa Cruz and Felton, California – although Plaintiff traveled to various client locations in California to perform tree care services on behalf of Defendant.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

During the PAGA Period, Plaintiff and other Aggrieved Employees were subjected to numerous violations during their employment with Defendant.

Plaintiff was regularly unable to take compliant meal breaks and rest breaks which were often late, interrupted or missed entirely in violation of Cal. Labor Codes Section 226.7, 512 & 1198. Plaintiff's typical scheduled shift was from 7 a.m. to 3:30 p.m. which meant Plaintiff should have had his meal break by noon on a typical day. Many times, however, Plaintiff was unable to take his meal break until 2 or 3 p.m.. This is because the foreman was in control of the job site and if Plaintiff was working up in a tree, which was typical, sometimes the foreman would not allow Plaintiff to take a meal break until the work on the tree was completed. Plaintiff's meal breaks were also interrupted from time to time regarding work-related issues. For example, Defendant would contact Plaintiff during his meal period and direct him to proceed to another job location to work on a tree, with the expectation that he leave promptly without finishing his meal period. In addition, Plaintiff's meal breaks were interrupted by unannounced truck inspections conducted by the general foreman, which required Plaintiff and other Aggrieved Employees to take out all gear from the truck and lay it on the ground for inspection. With respect to rest breaks, they were missed most of the time since the general foreman was pressured by supervisors to get jobs completed as soon as possible which often resulted in no rest breaks for Plaintiffs and other Aggrieved Employees. Defendant did not accurately record and provide Plaintiff with meal and rest break premium payments for the numerous meal and rest break violations he suffered during the PAGA Period.

In addition, Plaintiff worked while off the clock which resulted in unpaid minimum and overtime wages in violation of California Labor Code Sections 510, 1194, 1197 & 1198. For example, as set forth above, while off the clock and attempting to enjoy uninterrupted and duty-free meal breaks, Plaintiff was sometimes contacted on his cell phone by supervisors telling him to travel to another job site. In addition, sometimes Plaintiff and other Aggrieved Employees would only get paid up until the time they returned to the work yard, even though additional work was required, such as locking the truck and making sure the truck was secured. Indeed, on some occasions, Plaintiff and his work crew would not get paid for any time spent past 3:30 p.m. On those occasions, the supervisor and/or general foreman made the following statements: "We are not paying you overtime for being late to the yard." Furthermore, Plaintiff received calls after his shift ended from the general foreman to discuss issues related to the job that day. Plaintiff recalls some of the questions he was asked while off the clock, such as, "Did you hit somebody's fence?", "Did you run over water main lines?", and "Did you leave the gate open?" Pursuant to Labor Code § 204 & 210, Defendant failed to timely provide Plaintiff and other Aggrieved Employees with their wages. The violations by Defendant were significant as a result of the non-payment of meal and rest break penalties and the failure to pay for all the off the clock work.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

Additionally, Plaintiff and the Aggrieved Employees were paid on an hourly basis. Therefore, the wage statements should reflect all applicable hourly rates during the pay period and the proper regular and overtime wages earned. Plaintiff alleges that Defendant failed to provide accurate wage statements to him, and other Aggrieved Employees, in violation of California Labor Code section 226(a). The wage statements Defendant provided to Plaintiff and the Aggrieved employees were not accurate because, for example, the wage statements failed to identify the correct number of hours worked since Defendant failed to record the time Plaintiff spent working during meal breaks and after his shift ended, as set forth above.

Plaintiff was also not reimbursed for business related expenses that he incurred as a result of his job duties for Defendant in violation of Cal. Lab. Code Section 2802. As set forth above, Plaintiff was contacted on his cell phone during meal breaks and after his shift ended regarding work-related issues. Plaintiff also had to use his own cell phone to call customers and for GPS since many job sites were in rural areas. Plaintiff also had to download an application on his phone to clock in and out. Plaintiff was not, however, reimbursed for the reasonable expenses incurred on his cell phone. Plaintiff also had to purchase work attire that was necessary to perform his job duties, such as boots, gloves, rain gear, work pants and shirts. The only gear Defendant provided was a truck, chainsaw, hard hat and vest. Plaintiff also had to pay for gas from time to time in order to travel to various work sites without getting reimbursed by Defendant. For example, Plaintiff was not reimbursed for gas costs when he worked out of the Watsonville yard as opposed to the yards in Felton or Santa Cruz.

Finally, as described in detail in this notice, Defendant failed to pay all wages and premiums owed to Plaintiff and Aggrieved Employees during their employment and also failed to timely pay those amounts due and earned to departing employees upon separation of employment, such as when Plaintiff's employment with Defendant ended in July of 2025, in violation of California Labor Code Sections 201-204. Defendant also failed to pay the waiting time penalties owed to Plaintiff and other Aggrieved Employees that stemmed from the non-payment of wages and premiums owed based on the allegations above.

This notice is provided to enable Plaintiff to proceed with a Complaint against Defendant as authorized by California Labor Code section 2699, *et seq*. The lawsuit will consist of other Aggrieved Employees. As counsel, our intention is to vigorously prosecute the claims, and to procure civil penalties as provided by the Private Attorney General Statute of 2004 on behalf of Plaintiff and all Aggrieved Employees.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

If you have any questions of concerns, please do not hesitate to contact me at the above number and email address.

Respectfully,

/s/ *Ricardo Ehmann*
Ricardo R. Ehmann, Esq.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:
**rico@bamlawca.com**

**WRITERS EXT:**
**1009**

January 27, 2026
CA3803

**VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT**

Labor and Workforce Development Agency
Online Filing

The Davey Tree Expert Company
Certified Mail #9589071052700057730360
CT Corporation System
330 N. Brand Ave., Suite 700
Glendale, CA 91203

Re: Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802 California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), Violation of the applicable Industrial Welfare Commission Wage Order(s) brought Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

This letter serves as a written notice under California Labor Code Section 2699.3 on behalf of Dante Brumsey ("Plaintiff") and all other Aggrieved Employees of Davey Tree Surgery Company and The Davey Tree Expert Company ("Defendant"). "Aggrieved Employees" refers to all individuals who are or previously were employed by Davey Tree Surgery Company and/or The Davey Tree Expert Company in California, including any employees staffed with Davey Tree Surgery Company and/or The Davey Tree Expert Company by a third party, and classified as non-exempt employees during the time period of January 27, 2025 until a date as determined by the Court ("PAGA Period"). Our offices represent Plaintiff and other Aggrieved Employees in a lawsuit against Defendant. Plaintiff was employed by Defendant in California from August of 2014 to July 8, 2025. Plaintiff was at all times classified by Defendant as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked. Defendant, however, unlawfully failed to record and pay Plaintiff and other Aggrieved Employees for, including but not limited to, all of their time worked, including minimum and overtime wages, for all of their missed and/or non-compliant meal and rest breaks, for all of their time spent working off the clock as described further below, and for business expenses incurred but not reimbursed.

Plaintiff was employed by Defendant as a tree climber and was based out Defendant's yards in Santa Cruz and Felton, California – although Plaintiff traveled to various client locations in California to perform tree care services on behalf of Defendant.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site:** www.bamlawca.com
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

During the PAGA Period, Plaintiff and other Aggrieved Employees were subjected to numerous violations during their employment with Defendant.

Plaintiff was regularly unable to take compliant meal breaks and rest breaks which were often late, interrupted or missed entirely in violation of Cal. Labor Codes Section 226.7, 512 & 1198. Plaintiff's typical scheduled shift was from 7 a.m. to 3:30 p.m. which meant Plaintiff should have had his meal break by noon on a typical day. Many times, however, Plaintiff was unable to take his meal break until 2 or 3 p.m.. This is because the foreman was in control of the job site and if Plaintiff was working up in a tree, which was typical, sometimes the foreman would not allow Plaintiff to take a meal break until the work on the tree was completed. Plaintiff's meal breaks were also interrupted from time to time regarding work-related issues. For example, Defendant would contact Plaintiff during his meal period and direct him to proceed to another job location to work on a tree, with the expectation that he leave promptly without finishing his meal period. In addition, Plaintiff's meal breaks were interrupted by unannounced truck inspections conducted by the general foreman, which required Plaintiff and other Aggrieved Employees to take out all gear from the truck and lay it on the ground for inspection. With respect to rest breaks, they were missed most of the time since the general foreman was pressured by supervisors to get jobs completed as soon as possible which often resulted in no rest breaks for Plaintiffs and other Aggrieved Employees. Defendant did not accurately record and provide Plaintiff with meal and rest break premium payments for the numerous meal and rest break violations he suffered during the PAGA Period.

In addition, Plaintiff worked while off the clock which resulted in unpaid minimum and overtime wages in violation of California Labor Code Sections 510, 1194, 1197 & 1198. For example, as set forth above, while off the clock and attempting to enjoy uninterrupted and duty-free meal breaks, Plaintiff was sometimes contacted on his cell phone by supervisors telling him to travel to another job site. In addition, sometimes Plaintiff and other Aggrieved Employees would only get paid up until the time they returned to the work yard, even though additional work was required, such as locking the truck and making sure the truck was secured. Indeed, on some occasions, Plaintiff and his work crew would not get paid for any time spent past 3:30 p.m. On those occasions, the supervisor and/or general foreman made the following statements: "We are not paying you overtime for being late to the yard." Furthermore, Plaintiff received calls after his shift ended from the general foreman to discuss issues related to the job that day. Plaintiff recalls some of the questions he was asked while off the clock, such as, "Did you hit somebody's fence?", "Did you run over water main lines?", and "Did you leave the gate open?" Pursuant to Labor Code § 204 & 210, Defendant failed to timely provide Plaintiff and other Aggrieved Employees with their wages. The violations by Defendant were significant as a result of the non-payment of meal and rest break penalties and the failure to pay for all the off the clock work.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

Additionally, Plaintiff and the Aggrieved Employees were paid on an hourly basis. Therefore, the wage statements should reflect all applicable hourly rates during the pay period and the proper regular and overtime wages earned. Plaintiff alleges that Defendant failed to provide accurate wage statements to him, and other Aggrieved Employees, in violation of California Labor Code section 226(a). The wage statements Defendant provided to Plaintiff and the Aggrieved employees were not accurate because, for example, the wage statements failed to identify the correct number of hours worked since Defendant failed to record the time Plaintiff spent working during meal breaks and after his shift ended, as set forth above.

Plaintiff was also not reimbursed for business related expenses that he incurred as a result of his job duties for Defendant in violation of Cal. Lab. Code Section 2802. As set forth above, Plaintiff was contacted on his cell phone during meal breaks and after his shift ended regarding work-related issues. Plaintiff also had to use his own cell phone to call customers and for GPS since many job sites were in rural areas. Plaintiff also had to download an application on his phone to clock in and out. Plaintiff was not, however, reimbursed for the reasonable expenses incurred on his cell phone. Plaintiff also had to purchase work attire that was necessary to perform his job duties, such as boots, gloves, rain gear, work pants and shirts. The only gear Defendant provided was a truck, chainsaw, hard hat and vest. Plaintiff also had to pay for gas from time to time in order to travel to various work sites without getting reimbursed by Defendant. For example, Plaintiff was not reimbursed for gas costs when he worked out of the Watsonville yard as opposed to the yards in Felton or Santa Cruz.

Finally, as described in detail in this notice, Defendant failed to pay all wages and premiums owed to Plaintiff and Aggrieved Employees during their employment and also failed to timely pay those amounts due and earned to departing employees upon separation of employment, such as when Plaintiff's employment with Defendant ended in July of 2025, in violation of California Labor Code Sections 201-204. Defendant also failed to pay the waiting time penalties owed to Plaintiff and other Aggrieved Employees that stemmed from the non-payment of wages and premiums owed based on the allegations above.

This notice is provided to enable Plaintiff to proceed with a Complaint against Defendant as authorized by California Labor Code section 2699, *et seq*. The lawsuit will consist of other Aggrieved Employees. As counsel, our intention is to vigorously prosecute the claims, and to procure civil penalties as provided by the Private Attorney General Statute of 2004 on behalf of Plaintiff and all Aggrieved Employees.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site:** www.bamlawca.com
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

If you have any questions of concerns, please do not hesitate to contact me at the above number and email address.

Respectfully,

/s/ *Ricardo Ehmann*
Ricardo R. Ehmann, Esq.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
4/23/2026 2:19 PM
Clerk of the Court by Deputy,
Alejandro Fregoso

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
DAVEY TREE SURGERY COMPANY, a Corporation; THE DAVEY TREE EXPERT COMPANY, a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

DANTE BRUMSEY, on behalf of the State of California, as a private attorney general,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
Central
701 Ocean Street, Santa Cruz, CA 95060

CASE NUMBER: *(Número del Caso):* 26CV01377

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal (Bar # 68687) Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

DATE: *(Fecha)* 4/23/2026 Clerk, by *(Secretario)* ______________________, Deputy *(Adjunto)*
Alejandro Fregoso

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: THE DAVEY TREE EXPERT COMPANY, a Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

# SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CRUZ
701 OCEAN STREET
SANTA CRUZ, CALIFORNIA 95060
(831) 420-2200
www.santacruzcourt.org

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant(s). Cross complainants must serve the ADR Information Packet on any new parties named to the action. (California Rule of Court 3.221)

The Court *encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;
- Filing the Stipulation and Order to Attend Judicial Mediation or Private Mediation at least 10 days before the Case Management Conference (a local form included with the information packet); or
- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** For more information regarding Santa Cruz County's Mediation Program, see local rule 7.1 or contact the Civil Calendar Department at (831) 420-2200.

Alternate Dispute Resolution (ADR) is a process, other than formal litigation, in which a neutral person assists the parties in resolving their dispute. Santa Cruz Superior Court offers Judicial Mediation. If the parties agree to Mediation, it is the policy of this Court to assign appropriate cases to mediation without making a determination of the value of the case.

**What are the Advantages of Using ADR?**

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.
- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses).
- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.
- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.
- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**What are the Disadvantages of using ADR?**

- If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error or an appellate court.
- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**What ADR Options are Available?**

- **Mediation –** A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.
    - **Court Mediation Program:** If the case is appropriate for Judicial Mediation and all parties agree to mediate, the Court will set the Judicial Mediation for a single session. The Case Management Judicial Officer will conduct the mediation.
    - **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court.
- **Arbitration –** A neutral person (arbitrator) hears arguments and evidence from each side then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

SUPCV 1012

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY (Name, State Bar number, and address):<br>NAME:<br>ADDRESS:<br>CITY, STATE, ZIP:<br><br>TELEPHONE NO:<br>FAX NO. (Optional):<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**<br>701 Ocean Street, Room 110<br>Santa Cruz, CA 95060<br>Santa Cruz Branch | |
| Plaintiff/Petitioner:<br>vs.<br>Defendant/Respondent: | |
| **STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION OR PRIVATE ARBITRATION**<br>Must be filed 10 days before Case Management Conference | CASE NUMBER: |

FOR GOOD CAUSE as stated in the attached supporting declaration, the CASE MANAGEMENT CONFERENCE CURRENTLY SET FOR: (DATE) ______________________________
CHECK ONLY ONE BOX:

1. ☐ The parties stipulate to court ordered mediation.
2. ☐ The parties stipulate to private mediation or arbitration, to be arranged by the parties and completed within 120 days of the current CMC date stated above. The parties agree that such process shall be a good faith attempt to resolve the case.

SIGNATURES OF COUNSEL OR PARTY WITHOUT AN ATTORNEY:

______________________________ PRINT/TYPE NAME: ______________________________

DATE: ______________________________ ATTORNEY FOR: ______________________________

______________________________ PRINT/TYPE NAME: ______________________________

DATE: ______________________________ ATTORNEY FOR: ______________________________

ADDITIONAL SIGNATURES IN ATTACHMENT "A"

**ORDER**

BASED ON THE STIPULATION OF THE PARTIES, THE SUPPORTING DECLARATION, AND FINDING GOOD CAUSE, THE APPLICATION IS HEREBY GRANTED

☐ SET FOR JUDICIAL MEDIATION ON: ______________________ AT: __________ ☐ a.m. ☐ p.m.

☐ VACATE CMC & RESCHEDULE FOR: ______________________ AT: __________ ☐ a.m. ☐ p.m.

Date: ______________________________ ______________________________
JUDGE OF THE SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CRUZ<br>Santa Cruz Branch<br>701 Ocean Street, Room 110<br>Santa Cruz, CA 95060<br>Watsonville Branch<br>1 Second Street, Room 300<br>Watsonville, CA 95076 | *FOR COURT USE ONLY*<br>**FILED**<br>**Superior Court of California**<br>**County of Santa Cruz**<br>4/29/2026<br>Clerk of the Court by Deputy,<br>Alejandro Fregoso |
|---|---|
| Dante Brumsey<br>vs<br>Davey Tree Surgery Company, a Corporation, et al | |
| **CASE MANAGEMENT INFORMATION AND SETTING** | **Case Number:** 26CV01377 |

## DEFENDANT: YOU HAVE 30 CALENDAR DAYS TO FILE A WRITTEN RESPONSE WITH THE COURT ONCE YOU HAVE BEEN SERVED WITH THE SUMMONS AND COMPLAINT.

The date below is for a Case Management Conference. If you have not responded within 30 days, this hearing MAY NOT take place.

It is the duty of each party to be familiar with the California Rules of Court and the date, time and place of the first case management conference.

A written response is not always necessary. To make this determination it is important to seek legal advice and information. Some options are:

1. Santa Cruz County Bar Association Lawyer Referral Service: 831-425-4755 (Fee Based service)
2. Santa Cruz Superior Court Self Help Center: 1 Second Street, Room 301 Watsonville, CA 95076 831-786-7200 option 4. www.santacruzcourt.org for hours.
3. Santa Cruz Law Library: 701 Ocean Street, Room 70 (Basement), Santa Cruz, CA 95060 831-420-2205 www.lawlibrary.org for hours.
4. Watsonville Law Center: 831-722-2845

**PLAINTIFF:** This notice MUST be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and cross defendants.

**YOUR CASE MANAGEMENT CONFERENCE DATE:**

**DATE: 08/26/2026 TIME: 8:30 A.M. Santa Cruz Department 10**

**Address of the Court: 701 Ocean Street, Santa Cruz, California**

To appear remotely through **Zoom** at your Case Management Conference visit our court website **https://www.santacruz.courts.ca.gov/online-services/participating-remotely-zoom**

**GET TEXT REMINDERS!**

Text case number to (831) 208-5170 for reminders about hearing dates and payment due dates.

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/15/2026
CT Log Number 552510385

## Service of Process Transmittal Summary

**TO:** Heather Micozzi, Paralegal And Administrative Assistant
The Davey Tree Expert Company
1500 N Mantua St
Kent, OH 44240-2399

**RE:** **Process Served in California**

**FOR:** Davey Tree Surgery Company (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DANTE BRUMSEY, on behalf of the State of California, as a private attorney general // To: Davey Tree Surgery Company |
| **DOCUMENT(S) SERVED:** | Civil Case Cover Sheet, Attachment(s), Representative Action Complaint, Exhibit(s), Summons, Notice |
| **COURT/AGENCY:** | SANTA CRUZ COUNTY - SUPERIOR COURT OF CALIFORNIA - CENTRAL, CA<br>Case # 26CV01377 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/15/2026 at 12:53 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | NORMAN B. BLUMENTHAL<br>BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP<br>2255 Calle Clara<br>La Jolla, CA 92037<br>858-551-1223 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/17/2026, Expected Purge Date: 06/22/2026<br><br>Image SOP<br><br>Email Notification, Heather Micozzi heather.micozzi@davey.com<br><br>Email Notification, Stacey Greenwell stacey.greenwell@davey.com<br><br>Email Notification, Sundee Digiammarino sundee.digiammarino@davey.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/15/2026
CT Log Number 552510385

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Jun 15, 2026
**Server Name:** Jimmy Lizama

| | |
|---|---|
| Entity Served | DAVEY TREE SURGERY COMPANY |
| Case Number | 26CV01377 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | FOR COURT USE ONLY |
|---|---|
| STATE BAR NUMBER: 68687<br>NAME: Norman B. Blumenthal<br>FIRM NAME: BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP<br>STREET ADDRESS: 2255 Calle Clara<br>CITY: La Jolla STATE: CA ZIP CODE: 92037<br>TELEPHONE NO.: (858) 551-1223 FAX NO.: (858) 551-1232<br>EMAIL ADDRESS: norm@bamlawca.com<br>ATTORNEY FOR (*name*): Dante Brumsey | ELECTRONICALLY FILED<br>Superior Court of California<br>County of Santa Cruz<br>4/23/2026 2:19 PM<br>Clerk of the Court by Deputy,<br>Alejandro Fregoso |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**<br>STREET ADDRESS: 701 Ocean St.<br>MAILING ADDRESS: 701 Ocean St.<br>CITY AND ZIP CODE: Santa Cruz 95060<br>BRANCH NAME: Central | |
| CASE NAME:<br>DANTE BRUMSEY v. DAVEY TREE SURGERY COMPANY, et al. | |
| **CIVIL CASE COVER SHEET**<br>[X] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less)<br>**Complex Case Designation**<br>[ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 26CV01377<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? [ ] Yes [X] No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

   a. [X] monetary
   b. [ ] nonmonetary; declaratory or injunctive relief
   c. [ ] punitive

4. Number of causes of action *(specify):* ONE (1)

5. Is this case a class action suit? [ ] Yes [X] No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 23, 2026

Norman B. Blumenthal
(TYPE OR PRINT NAME)

▶ /s/ Norman Blumenthal
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear button after you have printed the form.**

Print Save Clear

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
Norman B. Blumenthal (State Bar #068687)
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)
Nicholas J. De Blouw (State Bar #280922)
Christine LeVu (State Bar #288271)
christine@bamlawca.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

*Attorneys for Plaintiff*
[Additional Counsel Listed on Signature Page]

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
4/23/2026 2:19 PM
Clerk of the Court by Deputy,
Alejandro Fregoso

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SANTA CRUZ**

DANTE BRUMSEY, on behalf of the State of California, as a private attorney general,

Plaintiff,

vs.

DAVEY TREE SURGERY COMPANY, a Corporation; THE DAVEY TREE EXPERT COMPANY, a Corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 26CV01377

**REPRESENTATIVE ACTION COMPLAINT FOR:**

1. Civil Penalties Pursuant to Labor Code § 2699 for violations of Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226.7, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802 California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), and the applicable Wage Order(s).

Plaintiff Dante Brumsey ("PLAINTIFF"), on behalf of the people of the State of California and as an "aggrieved employee" acting as a private attorney general under the Labor Code Private Attorney General Act of 2004, § 2699, ("PAGA") only, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## INTRODUCTION

1. PLAINTIFF brings this action against defendants Davey Tree Surgery Company and The Davey Tree Expert Company (referred to as "DEFENDANT") seeking only to recover PAGA civil penalties on behalf of all current and former aggrieved employees that worked for DEFENDANT. PLAINTIFF does **not seek to recover anything other than penalties as permitted by California Labor Code § 2699**. To the extent that statutory violations are mentioned for wage violations, PLAINTIFF does not seek underlying general and/or special damages for those violations, but simply the civil penalties permitted by California Labor Code § 2699.

2. California has enacted the PAGA which permits PLAINTIFF to bring an action for PAGA penalties *only*, which is the precise and sole nature of this action.

3. Accordingly, PLAINTIFF seeks to obtain all applicable relief for DEFENDANT's violations under PAGA and solely for the relief as permitted by PAGA – that is, penalties and any other relief the Court deems proper pursuant to the PAGA. Nothing in this complaint should be construed as attempting to obtain any relief that would not be available in a PAGA-only action.

4. PLAINTIFF is not suing in his individual capacity; he is proceeding herein solely under the PAGA, on behalf of the State of California for all aggrieved employees. Nothing in this complaint should be construed as PLAINTIFF suing in his individual capacity.

## THE PARTIES

5. Davey Tree Surgery Company is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

6. The Davey Tree Expert Company is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in California.

7. The entities named in paragraphs 5-6 above (and any DOE entities later named) were the joint employers of PLAINTIFF.

8. Joint employer is evidenced by paycheck, standardized company employment handbooks, by standardized policies and procedures, by the company PLAINTIFF performed work for respectively and are therefore jointly responsible as employers for the conduct alleged herein, and the entities named in paragraphs 5-6 above are therefore collectively referred to herein as ("DEFENDANT").

9. DEFENDANT provides tree maintenance and removal services in California.

10. PLAINTIFF was employed by DEFENDANT in California from August of 2014 to July 8, 2025. PLAINTIFF was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required rest periods and payment of minimum wages due for all time worked.

11. PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, brings this Representative Action on behalf of the State of California with respect to all individuals who are or previously were employed by Davey Tree Surgery Company and/or The Davey Tree Expert Company in California, including any employees staffed with Davey Tree Surgery Company and/or The Davey Tree Expert Company by a third party, and classified as non-exempt employees ("AGGRIEVED EMPLOYEES") during the time period of January 27, 2025 until a date as determined by the Court (the "PAGA PERIOD").

12. PLAINTIFF, on behalf of all AGGRIEVED EMPLOYEES presently or formerly employed by DEFENDANT during the PAGA PERIOD, brings this representative action pursuant to Labor Code § 2699 seeking fixed civil penalties for DEFENDANT's violation of California Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226.7, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802 California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), and the applicable Wage Order(s). Based upon the foregoing,

PLAINTIFF and all AGGRIEVED EMPLOYEES are aggrieved employees within the meaning of Labor Code § 2699.

13. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

14. The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and all the AGGRIEVED EMPLOYEES, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## <u>THE CONDUCT</u>

15. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and the AGGRIEVED EMPLOYEES for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF and the AGGRIEVED EMPLOYEES to work without paying them for all the time they are under DEFENDANT's control. Among other things, DEFENDANT requires PLAINTIFF to work while clocked out. PLAINTIFF was from time

to time interrupted by work assignments while clocked out. DEFENDANT, as a matter of established company policy and procedure, administers a uniform practice of rounding the actual time worked and recorded by PLAINTIFF and the AGGRIEVED EMPLOYEES, always to the benefit of DEFENDANT, so that during the course of their employment, PLAINTIFF and the AGGRIEVED EMPLOYEES are paid less than they would have been paid had they been paid for actual recorded time rather than "rounded" time. As a result, PLAINTIFF and the AGGRIEVED EMPLOYEES forfeit minimum wage compensation by working without their time being correctly recorded. DEFENDANT's policy and practice not to pay PLAINTIFF and the AGGRIEVED EMPLOYEES for all time worked, is evidenced by DEFENDANT's business records.

16. During the PAGA PERIOD, PLAINTIFF and the AGGRIEVED EMPLOYEES were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and the AGGRIEVED EMPLOYEES were also not provided with one hour wages in lieu thereof. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and the AGGRIEVED EMPLOYEES from

unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and the AGGRIEVED EMPLOYEES cannot leave the work premises during their rest period.

17. During the PAGA PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and the AGGRIEVED EMPLOYEES for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and the AGGRIEVED EMPLOYEES for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control. As such, DEFENDANT knew or should have known that PLAINTIFF and the AGGRIEVED EMPLOYEES were under compensated for all time worked. As a result, PLAINTIFF and the AGGRIEVED EMPLOYEES forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage rates. Accordingly, DEFENDANT failed to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

18. From time to time, DEFENDANT also failed to provide PLAINTIFF and the AGGRIEVED EMPLOYEES with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. PLAINTIFF and the AGGRIEVED EMPLOYEES were paid on an hourly basis. As such, the wage statements should reflect all applicable hourly rates during the pay period and the total hours worked, and the applicable pay period in which the wages were earned pursuant to California Labor Code Section 226(a). The wage statements DEFENDANT provided to PLAINTIFF and the AGGRIEVED EMPLOYEES failed to

identify such information. More specifically, the wage statements failed to identify the accurate total hours worked each pay period. When the hours shown on the wage statements were added up, they did not equal the actual total hours worked during the pay period in violation of Cal. Lab. Code 226(a)(2). Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226. As a result, DEFENDANT from time to time provided PLAINTIFF and the AGGRIEVED EMPLOYEES with wage statements which violated Cal. Lab. Code § 226.

19. Cal. Lab. Code § 204(d) provides, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period. Cal. Lab. Code § 210 provides:

> in [I]n addition to, and entirely independent and apart from, any other penalty provided this article, every person who fails to pay the wages of each employee as provided in Sections. . . .204. . .shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

20. DEFENDANT from time to time failed to pay PLAINTIFF and the AGGRIEVED EMPLOYEES within seven (7) days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to the "Hourly" regular wage payments.

21. As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and the AGGRIEVED EMPLOYEES their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203.

22. DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the AGGRIEVED EMPLOYEES for required business expenses incurred by the PLAINTIFF and the AGGRIEVED EMPLOYEES in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course

and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

23. In the course of their employment PLAINTIFF and the AGGRIEVED EMPLOYEES as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit. Specifically, PLAINTIFF and the AGGRIEVED EMPLOYEES were required by DEFENDANT to use their personal cellular phones. As a result, in the course of their employment with DEFENDANT, PLAINTIFF and the AGGRIEVED EMPLOYEES incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

24. The employment of PLAINTIFF and some AGGRIEVED EMPLOYEES has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

## **JURISDICTION AND VENUE**

25. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10.

26. Venue is proper in this Court pursuant to California Code of Civil Procedure, Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against PLAINTIFF and other AGGRIEVED EMPLOYEES.

**FIRST CAUSE OF ACTION**

**For Violation of the Private Attorneys General Act**

**[Cal. Lab. Code §§ 2698]**

**(By PLAINTIFF and Against All Defendants)**

27. PLAINTIFF realleges and incorporates by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

28. PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies. An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties. The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code. In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

29. PLAINTIFF, and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, brings this Representative Action on behalf of the State of California with respect to all individuals who are or previously were employed by Davey Tree Surgery Company and/or The Davey Tree Expert Company in California, including any employees staffed with Davey Tree Surgery Company and/or The Davey Tree Expert Company by a third party, and classified as non-exempt employees ("AGGRIEVED EMPLOYEES") during the time period of January 27, 2025 until a date as determined by the Court (the "PAGA PERIOD").

30. On January 27, 2026, PLAINTIFF gave written notice by electronic mail to the Labor and Workforce Development Agency (the "Agency") and by certified mail to the employer of the specific provisions of this code alleged to have been violated as required by

Labor Code § 2699.3. *See* **Exhibit #1**, attached hereto and incorporated by this reference herein. The statutory waiting period for PLAINTIFF to add these allegations to the Complaint has expired. As a result, pursuant to Section 2699.3, PLAINTIFF may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

31. The policies, acts and practices heretofore described were and are an unlawful business act or practice because DEFENDANT (a) failed to provide PLAINTIFF and the AGGRIEVED EMPLOYEES accurate itemized wage statements, (b) failed to properly record and provide legally required rest periods, (c) failed to pay minimum wages, (d) failed to reimburse employees for required expenses, and (e) failed to provide wages when due, all in violation of the applicable Labor Code sections listed in Labor Code §§ 201, 202, 203, 204, 210, 226(a), 226.7, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802 California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), and the applicable Wage Order(s), and thereby gives rise to civil penalties as a result of such conduct.[1] PLAINTIFF hereby seeks recovery of only civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on other AGGRIEVED EMPLOYEES.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the State of California and with respect to other AGGRIEVED EMPLOYEES:

A) Recovery of civil penalties as prescribed by the Labor Code Private Attorneys General Act of 2004; and,

B) An award of attorneys' fees and cost of suit, as allowable under the

[1]Plaintiff specifically excludes and/or does not allege any claims under California Labor Code §558(a)(3).

law, including, but not limited to, pursuant to Labor Code §2699.

Dated: April 23, 2026 BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: /s/ Norman Blumenthal
Norman B. Blumenthal
Kyle R. Nordrehaug
Nicholas J. De Blouw

**LAWYERS FOR EMPLOYEE AND CONSUMER RIGHTS APC**
Robert E. Byrnes (State Bar No. 200761)
3500 West Olive Avenue, Third Floor
Burbank, CA 91505

*Attorneys for Plaintiff*

# EXHIBIT 1

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:
**rico@bamlawca.com**

**WRITERS EXT:**
**1009**

January 27, 2026
CA3803

**VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT**

Labor and Workforce Development Agency
Online Filing

Davey Tree Surgery Company
Certified Mail #9589071052700057730377
CT Corporation System
330 N. Brand Ave., Suite 700
Glendale, CA 91203

Re: Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802 California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), Violation of the applicable Industrial Welfare Commission Wage Order(s) brought Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

This letter serves as a written notice under California Labor Code Section 2699.3 on behalf of Dante Brumsey ("Plaintiff") and all other Aggrieved Employees of Davey Tree Surgery Company and The Davey Tree Expert Company ("Defendant"). "Aggrieved Employees" refers to all individuals who are or previously were employed by Davey Tree Surgery Company and/or The Davey Tree Expert Company in California, including any employees staffed with Davey Tree Surgery Company and/or The Davey Tree Expert Company by a third party, and classified as non-exempt employees during the time period of January 27, 2025 until a date as determined by the Court ("PAGA Period"). Our offices represent Plaintiff and other Aggrieved Employees in a lawsuit against Defendant. Plaintiff was employed by Defendant in California from August of 2014 to July 8, 2025. Plaintiff was at all times classified by Defendant as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked. Defendant, however, unlawfully failed to record and pay Plaintiff and other Aggrieved Employees for, including but not limited to, all of their time worked, including minimum and overtime wages, for all of their missed and/or non-compliant meal and rest breaks, for all of their time spent working off the clock as described further below, and for business expenses incurred but not reimbursed.

Plaintiff was employed by Defendant as a tree climber and was based out Defendant's yards in Santa Cruz and Felton, California – although Plaintiff traveled to various client locations in California to perform tree care services on behalf of Defendant.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
Web Site: www.bamlawca.com
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

During the PAGA Period, Plaintiff and other Aggrieved Employees were subjected to numerous violations during their employment with Defendant.

Plaintiff was regularly unable to take compliant meal breaks and rest breaks which were often late, interrupted or missed entirely in violation of Cal. Labor Codes Section 226.7, 512 & 1198. Plaintiff's typical scheduled shift was from 7 a.m. to 3:30 p.m. which meant Plaintiff should have had his meal break by noon on a typical day. Many times, however, Plaintiff was unable to take his meal break until 2 or 3 p.m.. This is because the foreman was in control of the job site and if Plaintiff was working up in a tree, which was typical, sometimes the foreman would not allow Plaintiff to take a meal break until the work on the tree was completed. Plaintiff's meal breaks were also interrupted from time to time regarding work-related issues. For example, Defendant would contact Plaintiff during his meal period and direct him to proceed to another job location to work on a tree, with the expectation that he leave promptly without finishing his meal period. In addition, Plaintiff's meal breaks were interrupted by unannounced truck inspections conducted by the general foreman, which required Plaintiff and other Aggrieved Employees to take out all gear from the truck and lay it on the ground for inspection. With respect to rest breaks, they were missed most of the time since the general foreman was pressured by supervisors to get jobs completed as soon as possible which often resulted in no rest breaks for Plaintiffs and other Aggrieved Employees. Defendant did not accurately record and provide Plaintiff with meal and rest break premium payments for the numerous meal and rest break violations he suffered during the PAGA Period.

In addition, Plaintiff worked while off the clock which resulted in unpaid minimum and overtime wages in violation of California Labor Code Sections 510, 1194, 1197 & 1198. For example, as set forth above, while off the clock and attempting to enjoy uninterrupted and duty-free meal breaks, Plaintiff was sometimes contacted on his cell phone by supervisors telling him to travel to another job site. In addition, sometimes Plaintiff and other Aggrieved Employees would only get paid up until the time they returned to the work yard, even though additional work was required, such as locking the truck and making sure the truck was secured. Indeed, on some occasions, Plaintiff and his work crew would not get paid for any time spent past 3:30 p.m. On those occasions, the supervisor and/or general foreman made the following statements: "We are not paying you overtime for being late to the yard." Furthermore, Plaintiff received calls after his shift ended from the general foreman to discuss issues related to the job that day. Plaintiff recalls some of the questions he was asked while off the clock, such as, "Did you hit somebody's fence?", "Did you run over water main lines?", and "Did you leave the gate open?" Pursuant to Labor Code § 204 & 210, Defendant failed to timely provide Plaintiff and other Aggrieved Employees with their wages. The violations by Defendant were significant as a result of the non-payment of meal and rest break penalties and the failure to pay for all the off the clock work.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

Additionally, Plaintiff and the Aggrieved Employees were paid on an hourly basis. Therefore, the wage statements should reflect all applicable hourly rates during the pay period and the proper regular and overtime wages earned. Plaintiff alleges that Defendant failed to provide accurate wage statements to him, and other Aggrieved Employees, in violation of California Labor Code section 226(a). The wage statements Defendant provided to Plaintiff and the Aggrieved employees were not accurate because, for example, the wage statements failed to identify the correct number of hours worked since Defendant failed to record the time Plaintiff spent working during meal breaks and after his shift ended, as set forth above.

Plaintiff was also not reimbursed for business related expenses that he incurred as a result of his job duties for Defendant in violation of Cal. Lab. Code Section 2802. As set forth above, Plaintiff was contacted on his cell phone during meal breaks and after his shift ended regarding work-related issues. Plaintiff also had to use his own cell phone to call customers and for GPS since many job sites were in rural areas. Plaintiff also had to download an application on his phone to clock in and out. Plaintiff was not, however, reimbursed for the reasonable expenses incurred on his cell phone. Plaintiff also had to purchase work attire that was necessary to perform his job duties, such as boots, gloves, rain gear, work pants and shirts. The only gear Defendant provided was a truck, chainsaw, hard hat and vest. Plaintiff also had to pay for gas from time to time in order to travel to various work sites without getting reimbursed by Defendant. For example, Plaintiff was not reimbursed for gas costs when he worked out of the Watsonville yard as opposed to the yards in Felton or Santa Cruz.

Finally, as described in detail in this notice, Defendant failed to pay all wages and premiums owed to Plaintiff and Aggrieved Employees during their employment and also failed to timely pay those amounts due and earned to departing employees upon separation of employment, such as when Plaintiff's employment with Defendant ended in July of 2025, in violation of California Labor Code Sections 201-204. Defendant also failed to pay the waiting time penalties owed to Plaintiff and other Aggrieved Employees that stemmed from the non-payment of wages and premiums owed based on the allegations above.

This notice is provided to enable Plaintiff to proceed with a Complaint against Defendant as authorized by California Labor Code section 2699, *et seq*. The lawsuit will consist of other Aggrieved Employees. As counsel, our intention is to vigorously prosecute the claims, and to procure civil penalties as provided by the Private Attorney General Statute of 2004 on behalf of Plaintiff and all Aggrieved Employees.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

If you have any questions of concerns, please do not hesitate to contact me at the above number and email address.

Respectfully,

/s/ *Ricardo Ehmann*
Ricardo R. Ehmann, Esq.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:
**rico@bamlawca.com**

**WRITERS EXT:**
**1009**

January 27, 2026
CA3803

**VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT**

Labor and Workforce Development Agency
Online Filing

The Davey Tree Expert Company
Certified Mail #9589071052700057730360
CT Corporation System
330 N. Brand Ave., Suite 700
Glendale, CA 91203

Re: Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204, 210, 226(a), 226.7, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802 California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), Violation of the applicable Industrial Welfare Commission Wage Order(s) brought Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

This letter serves as a written notice under California Labor Code Section 2699.3 on behalf of Dante Brumsey ("Plaintiff") and all other Aggrieved Employees of Davey Tree Surgery Company and The Davey Tree Expert Company ("Defendant"). "Aggrieved Employees" refers to all individuals who are or previously were employed by Davey Tree Surgery Company and/or The Davey Tree Expert Company in California, including any employees staffed with Davey Tree Surgery Company and/or The Davey Tree Expert Company by a third party, and classified as non-exempt employees during the time period of January 27, 2025 until a date as determined by the Court ("PAGA Period"). Our offices represent Plaintiff and other Aggrieved Employees in a lawsuit against Defendant. Plaintiff was employed by Defendant in California from August of 2014 to July 8, 2025. Plaintiff was at all times classified by Defendant as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked. Defendant, however, unlawfully failed to record and pay Plaintiff and other Aggrieved Employees for, including but not limited to, all of their time worked, including minimum and overtime wages, for all of their missed and/or non-compliant meal and rest breaks, for all of their time spent working off the clock as described further below, and for business expenses incurred but not reimbursed.

Plaintiff was employed by Defendant as a tree climber and was based out Defendant's yards in Santa Cruz and Felton, California – although Plaintiff traveled to various client locations in California to perform tree care services on behalf of Defendant.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
2255 CALLE CLARA
LA JOLLA, CALIFORNIA 92037
Web Site: www.bamlawca.com
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

During the PAGA Period, Plaintiff and other Aggrieved Employees were subjected to numerous violations during their employment with Defendant.

Plaintiff was regularly unable to take compliant meal breaks and rest breaks which were often late, interrupted or missed entirely in violation of Cal. Labor Codes Section 226.7, 512 & 1198. Plaintiff's typical scheduled shift was from 7 a.m. to 3:30 p.m. which meant Plaintiff should have had his meal break by noon on a typical day. Many times, however, Plaintiff was unable to take his meal break until 2 or 3 p.m.. This is because the foreman was in control of the job site and if Plaintiff was working up in a tree, which was typical, sometimes the foreman would not allow Plaintiff to take a meal break until the work on the tree was completed. Plaintiff's meal breaks were also interrupted from time to time regarding work-related issues. For example, Defendant would contact Plaintiff during his meal period and direct him to proceed to another job location to work on a tree, with the expectation that he leave promptly without finishing his meal period. In addition, Plaintiff's meal breaks were interrupted by unannounced truck inspections conducted by the general foreman, which required Plaintiff and other Aggrieved Employees to take out all gear from the truck and lay it on the ground for inspection. With respect to rest breaks, they were missed most of the time since the general foreman was pressured by supervisors to get jobs completed as soon as possible which often resulted in no rest breaks for Plaintiffs and other Aggrieved Employees. Defendant did not accurately record and provide Plaintiff with meal and rest break premium payments for the numerous meal and rest break violations he suffered during the PAGA Period.

In addition, Plaintiff worked while off the clock which resulted in unpaid minimum and overtime wages in violation of California Labor Code Sections 510, 1194, 1197 & 1198. For example, as set forth above, while off the clock and attempting to enjoy uninterrupted and duty-free meal breaks, Plaintiff was sometimes contacted on his cell phone by supervisors telling him to travel to another job site. In addition, sometimes Plaintiff and other Aggrieved Employees would only get paid up until the time they returned to the work yard, even though additional work was required, such as locking the truck and making sure the truck was secured. Indeed, on some occasions, Plaintiff and his work crew would not get paid for any time spent past 3:30 p.m. On those occasions, the supervisor and/or general foreman made the following statements: "We are not paying you overtime for being late to the yard." Furthermore, Plaintiff received calls after his shift ended from the general foreman to discuss issues related to the job that day. Plaintiff recalls some of the questions he was asked while off the clock, such as, "Did you hit somebody's fence?", "Did you run over water main lines?", and "Did you leave the gate open?" Pursuant to Labor Code § 204 & 210, Defendant failed to timely provide Plaintiff and other Aggrieved Employees with their wages. The violations by Defendant were significant as a result of the non-payment of meal and rest break penalties and the failure to pay for all the off the clock work.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

Additionally, Plaintiff and the Aggrieved Employees were paid on an hourly basis. Therefore, the wage statements should reflect all applicable hourly rates during the pay period and the proper regular and overtime wages earned. Plaintiff alleges that Defendant failed to provide accurate wage statements to him, and other Aggrieved Employees, in violation of California Labor Code section 226(a). The wage statements Defendant provided to Plaintiff and the Aggrieved employees were not accurate because, for example, the wage statements failed to identify the correct number of hours worked since Defendant failed to record the time Plaintiff spent working during meal breaks and after his shift ended, as set forth above.

Plaintiff was also not reimbursed for business related expenses that he incurred as a result of his job duties for Defendant in violation of Cal. Lab. Code Section 2802. As set forth above, Plaintiff was contacted on his cell phone during meal breaks and after his shift ended regarding work-related issues. Plaintiff also had to use his own cell phone to call customers and for GPS since many job sites were in rural areas. Plaintiff also had to download an application on his phone to clock in and out. Plaintiff was not, however, reimbursed for the reasonable expenses incurred on his cell phone. Plaintiff also had to purchase work attire that was necessary to perform his job duties, such as boots, gloves, rain gear, work pants and shirts. The only gear Defendant provided was a truck, chainsaw, hard hat and vest. Plaintiff also had to pay for gas from time to time in order to travel to various work sites without getting reimbursed by Defendant. For example, Plaintiff was not reimbursed for gas costs when he worked out of the Watsonville yard as opposed to the yards in Felton or Santa Cruz.

Finally, as described in detail in this notice, Defendant failed to pay all wages and premiums owed to Plaintiff and Aggrieved Employees during their employment and also failed to timely pay those amounts due and earned to departing employees upon separation of employment, such as when Plaintiff's employment with Defendant ended in July of 2025, in violation of California Labor Code Sections 201-204. Defendant also failed to pay the waiting time penalties owed to Plaintiff and other Aggrieved Employees that stemmed from the non-payment of wages and premiums owed based on the allegations above.

This notice is provided to enable Plaintiff to proceed with a Complaint against Defendant as authorized by California Labor Code section 2699, *et seq*. The lawsuit will consist of other Aggrieved Employees. As counsel, our intention is to vigorously prosecute the claims, and to procure civil penalties as provided by the Private Attorney General Statute of 2004 on behalf of Plaintiff and all Aggrieved Employees.

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**
San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

If you have any questions of concerns, please do not hesitate to contact me at the above number and email address.

Respectfully,

/s/ *Ricardo Ehmann*
Ricardo R. Ehmann, Esq.

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California
County of Santa Cruz
4/23/2026 2:19 PM
Clerk of the Court by Deputy,
Alejandro Fregoso

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
DAVEY TREE SURGERY COMPANY, a Corporation; THE DAVEY TREE EXPERT COMPANY, a Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

DANTE BRUMSEY, on behalf of the State of California, as a private attorney general,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ
Central
701 Ocean Street, Santa Cruz, CA 95060

CASE NUMBER:
*(Número del Caso):* 26CV01377

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal (Bar # 68687) Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

DATE: *(Fecha)* 4/23/2026 Clerk, by *(Secretario)* ____________ , Deputy *(Adjunto)*

Alejandro Fregoso

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: DAVEY TREE SURGERY COMPANY, a Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

# SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CRUZ
701 OCEAN STREET
SANTA CRUZ, CALIFORNIA 95060
(831) 420-2200
www.santacruzcourt.org

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant(s). Cross complainants must serve the ADR Information Packet on any new parties named to the action. (California Rule of Court 3.221)

The Court *encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;
- Filing the Stipulation and Order to Attend Judicial Mediation or Private Mediation at least 10 days before the Case Management Conference (a local form included with the information packet); or
- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?** For more information regarding Santa Cruz County's Mediation Program, see local rule 7.1 or contact the Civil Calendar Department at (831) 420-2200.

Alternate Dispute Resolution (ADR) is a process, other than formal litigation, in which a neutral person assists the parties in resolving their dispute. Santa Cruz Superior Court offers Judicial Mediation. If the parties agree to Mediation, it is the policy of this Court to assign appropriate cases to mediation without making a determination of the value of the case.

**What are the Advantages of Using ADR?**

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.
- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses).
- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.
- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.
- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**What are the Disadvantages of using ADR?**

- If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error or an appellate court.
- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**What ADR Options are Available?**

- **Mediation –** A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.
    - **Court Mediation Program:** If the case is appropriate for Judicial Mediation and all parties agree to mediate, the Court will set the Judicial Mediation for a single session. The Case Management Judicial Officer will conduct the mediation.
    - **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court.
- **Arbitration –** A neutral person (arbitrator) hears arguments and evidence from each side then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

SUPCV 1012

| ATTORNEY OR PARTY WITHOUT AN ATTORNEY (Name, State Bar number, and address):<br>NAME:<br>ADDRESS:<br>CITY, STATE, ZIP:<br><br>TELEPHONE NO:<br>FAX NO. (Optional):<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**<br>701 Ocean Street, Room 110<br>Santa Cruz, CA 95060<br>Santa Cruz Branch | |
| Plaintiff/Petitioner:<br>vs.<br>Defendant/Respondent: | |
| **STIPULATION AND ORDER TO ATTEND JUDICIAL MEDIATION OR PRIVATE ARBITRATION**<br>Must be filed 10 days before Case Management Conference | CASE NUMBER: |

FOR GOOD CAUSE as stated in the attached supporting declaration, the CASE MANAGEMENT CONFERENCE CURRENTLY SET FOR: (DATE) ______________________________
CHECK ONLY ONE BOX:

1. ☐ The parties stipulate to court ordered mediation.
2. ☐ The parties stipulate to private mediation or arbitration, to be arranged by the parties and completed within 120 days of the current CMC date stated above. The parties agree that such process shall be a good faith attempt to resolve the case.

SIGNATURES OF COUNSEL OR PARTY WITHOUT AN ATTORNEY:

______________________________ PRINT/TYPE NAME: ______________________________

DATE: ______________________ ATTORNEY FOR: ______________________________

______________________________ PRINT/TYPE NAME: ______________________________

DATE: ______________________ ATTORNEY FOR: ______________________________

ADDITIONAL SIGNATURES IN ATTACHMENT "A"

**ORDER**

BASED ON THE STIPULATION OF THE PARTIES, THE SUPPORTING DECLARATION, AND FINDING GOOD CAUSE, THE APPLICATION IS HEREBY GRANTED

☐ SET FOR JUDICIAL MEDIATION ON: ______________________ AT: __________ ☐ a.m. ☐ p.m.

☐ VACATE CMC & RESCHEDULE FOR: ______________________ AT: __________ ☐ a.m. ☐ p.m.

Date: ______________________ ______________________________
JUDGE OF THE SUPERIOR COURT

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CRUZ<br>Santa Cruz Branch 701 Ocean Street, Room 110 Santa Cruz, CA 95060<br>Watsonville Branch 1 Second Street, Room 300 Watsonville, CA 95076 | FOR COURT USE ONLY<br>**FILED**<br>**Superior Court of California**<br>**County of Santa Cruz**<br>4/29/2026<br>Clerk of the Court by Deputy,<br>Alejandro Fregoso |
|---|---|
| Dante Brumsey<br>vs<br>Davey Tree Surgery Company, a Corporation, et al | |
| **CASE MANAGEMENT INFORMATION AND SETTING** | **Case Number:** 26CV01377 |

# DEFENDANT: YOU HAVE 30 CALENDAR DAYS TO FILE A WRITTEN RESPONSE WITH THE COURT ONCE YOU HAVE BEEN SERVED WITH THE SUMMONS AND COMPLAINT.

The date below is for a Case Management Conference. If you have not responded within 30 days, this hearing MAY NOT take place.

It is the duty of each party to be familiar with the California Rules of Court and the date, time and place of the first case management conference.

A written response is not always necessary. To make this determination it is important to seek legal advice and information. Some options are:

1. Santa Cruz County Bar Association Lawyer Referral Service: 831-425-4755 (Fee Based service)
2. Santa Cruz Superior Court Self Help Center: 1 Second Street, Room 301 Watsonville, CA 95076 831-786-7200 option 4. www.santacruzcourt.org for hours.
3. Santa Cruz Law Library: 701 Ocean Street, Room 70 (Basement), Santa Cruz, CA 95060 831-420-2205 www.lawlibrary.org for hours.
4. Watsonville Law Center: 831-722-2845

**PLAINTIFF:** This notice MUST be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and cross defendants.

**YOUR CASE MANAGEMENT CONFERENCE DATE:**

**DATE: 08/26/2026 TIME: 8:30 A.M. Santa Cruz Department 10**

**Address of the Court: 701 Ocean Street, Santa Cruz, California**

To appear remotely through **Zoom** at your Case Management Conference visit our court website **https://www.santacruz.courts.ca.gov/online-services/participating-remotely-zoom**

## GET TEXT REMINDERS!

Text case number to (831) 208-5170 for reminders about hearing dates and payment due dates.